UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| FRANCO CARACCIOLI, Booking No. 17118991, Plaintiff, vs. SAN DIEGO POLICE DEPT.; K-9 OFFICERS 1-2; JAMES BURNETT, Police Officer; DOES 1-10, Defendants. | Case No.: 3:17-cv-00981-DMS-WVG <br><br> **ORDER:** <br><br> **1) GRANTING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS** <br> **[ECF No. 9]** <br><br> **2) GRANTING MOTION TO AMEND AND DISMISSING DEFENDANTS** <br> **[ECF No. 11]** <br><br> **AND** <br><br> **3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF AMENDED COMPLAINT UPON DEFENDANT BURNETT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |
|---|---|

FRANCO CARACCIOLI ("Plaintiff"), while he was incarcerated at the California Institution for Men ("CIM") in Chino, California, filed this civil rights action pro se and pursuant to 42 U.S.C. § 1983. *See* ECF No. 1.

## I. Procedural Background

On June 19, 2017, the Court dismissed the case based on Plaintiff's failure to prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a) and his failure to file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2. Plaintiff was granted leave to re-open the case, but he failed to do either within the time provided, so the case remained closed. *See id.* at 3.

On September 15, 2017, however, Plaintiff filed a Notice of Change of Address, indicating he had been either released and/or transferred from CIM, and was now in the custody at the San Diego County Sheriff's Department's George Bailey Detention Facility ("GBDF"). *See* ECF No. 3. Because Plaintiff also claimed he had not received any mail regarding the status of his case, the Clerk provided him with a copy of the docket and an additional copy of Court's June 19, 2017 Order. *Id.*

On October 16, 2017, Plaintiff filed an Amended Complaint ("FAC") (ECF No. 4),[1] together with a Motion to Proceed IFP (ECF No. 5), but the Court denied Plaintiff's IFP Motion because he failed to attach a certified copy of his prison trust account statements. *See* ECF No. 8 at 3-4 (citing 28 U.S.C. § 1915(a)(2)). Nevertheless, Plaintiff was again granted leave in which to complete and file a renewed and properly-supported IFP Motion, and the Clerk of Court provided him with a form for doing so. *Id.* at 4.

On January 30, 2018, Plaintiff filed his renewed Motion to Proceed IFP, together with the accounting which was missing from his previous Motion, and a "Motion to

---

[1] Plaintiff's FAC was timely filed as matter of course pursuant to Fed. R. Civ. P. 15 because no party has yet to be served. *See* Fed. R. Civ. P. 15(a)(1) "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) … 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) ("[A] plaintiff may file his one matter of course amendment under Rule 15(a)(1) and then seek consent from opposing counsel or leave of court to file a second amended complaint under 15(a)(2).")

Amend Defendants" (ECF Nos. 9, 11).

## II. Renewed IFP Motion

As Plaintiff now knows, to institute a civil action, he must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews*, 493 F.3d at 1051; *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, because he is a prisoner, even if he is granted leave to proceed IFP, Plaintiff remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) (hereafter *"King"*). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

3

In support of his renewed IFP Motion, Plaintiff has now submitted a prison certificate authorized by an Administrative Lieutenant at GBDF attesting to his trust account activity. *See* ECF No. 9 at 5; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate shows that while Plaintiff has had an average monthly deposit of $41.66, he carried an average monthly balance of only $.08 over the past six months, and had just $.53 on the books at the time of filing. *See* ECF No. 9 at 5.

Based on this accounting, the Court assesses an initial partial filing fee of $8.33, but notes Plaintiff may be unable to pay even that fractional amount pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1) at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Renewed Motion to Proceed IFP (ECF No. 9), declines to exact the initial filing fee assessed by this Order because his GBDF certificate shows he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Watch Commander at GBDF, or his designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and forward payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(1).

### III. Motion to Amend Defendants

Plaintiff also seeks leave to amend the Court's docket to reflect that he is "no longer suing a government entity or the San Diego Police Department," and that his FAC instead seeks relief only against James Burnett and Does 1-10 in their "unofficial capacity." *See* ECF No. 11 at 2, 4; ECF No. 4 at 1-2.

By "unofficial" capacity, the Court presumes Plaintiff intends to sue Burnett and Does 1-10, whom he identifies as San Diego Police Officers, in their personal or

individual capacities, and as he has already indicated in his FAC. *See* ECF No. 4 at 2. "Personal-capacity suits seek to impose personal liability upon a governmental official for actions [the official] takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Official-capacity suits filed against state officials, on the other hand, are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Graham*, 473 U.S. at 165 (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 n.55 (1978)); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).

Therefore, because Plaintiff's FAC supersedes his original Complaint, and it no longer names the "San Diego Police Department" or "K-9 Officers 1-2" as parties to this action, the Court **GRANTS** his Motion to Amend Defendants (ECF No. 11). *See* S.D. Cal. CivLR 15.1a. ("Every pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend and not re-alleged in an amended pleading may be "considered waived if not repled.").

**IV. Screening of FAC pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The

purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Allegations

In his FAC, Plaintiff claims James Burnett, a San Diego Police Officer, together with several other police officers currently identified only as "Does 1-10," violated his Fourth Amendment rights and California's Unruh Civil Rights Act, Cal. Civ. Code § 52.1, by effecting his warrantless arrest within his apartment on May 29, 2016. *See* FAC, ECF No. 4 at 1-4.

///

6

3:17-cv-00981-DMS-WVG

Specifically, Plaintiff admits that on May 29, 2016, he was "involved in a physical altercation" inside his apartment, but the "alleged victims" left and called the police. *Id.* at 3. Plaintiff then claims that while he was asleep in his bedroom, Officer Burnett and "the police" arrived "with ample time to secure an arrest warrant," but instead entered his apartment, "failed to produce a warrant and coerced [him] to come outside his bedroom at gunpoint." *Id.* Plaintiff contends "there were no exigent circumstances because there was no threat of harm [to] the alleged victims [who] were safely secure with several police officers" in the apartment complex lobby, "there was no possible destruction of evidence," and he "was not a flight risk as he was sleeping inside his bedroom on the 38th floor." *Id.*

C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D. Discussion

As an initial matter, the Court finds Plaintiff has alleged facts sufficient to show that Defendant Burnett acted "under color of state law" when effecting his arrest on May 29, 2016. *See* 42 U.S.C. § 1983. "[A] public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50 (1988). Pursuant to § 1983, therefore, the allegedly unconstitutional acts must be alleged to have been performed while the officer was acting, purporting, or pretending to act in the performance of his or her official duties.

*See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996); *McDade v. West*, 223 F.3d 1135, 1140 (9th Cir. 2000). Here, Plaintiff alleges Office Burnett arrested him "inside his residence, without a warrant, without exigent circumstances," and "coerced [him] at gunpoint," after he and other unidentified officers were summoned by the "alleged victims" of a "physical altercation" involving Plaintiff. *See* FAC, ECF No. 4 at 2, 3.

The Court further finds that the Fourth Amendment claims alleged against Defendant Burnett as alleged in Plaintiff's FAC are sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678. The "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *Welsh v. Wisconsin*, 466 U.S. 740, 748 (1984). "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York,* 445 U.S. 573, 586 (1980); *Sheehan v. City and Cnty. of San Francisco.,* 743 F.3d 1211, 1221-22 (9th Cir. 2014). There are two general exceptions to the warrant requirement for home searches: exigency and emergency. *United States v. Martinez,* 406 F.3d 1160, 1164 (9th Cir. 2005). "These exceptions are 'narrow' and their boundaries are 'rigorously guarded' to prevent any expansion that would unduly interfere with the sanctity of the home." *Hopkins v. Bonvicino,* 573 F.3d 752, 763 (9th Cir. 2009) (citation omitted). "[W]arrants are generally required to search a person's home or his person unless the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Brigham City, Utah v. Stuart,* 547 U.S. 398, 403 (2006) (quotation marks omitted); *see also Eager v. Honolulu Police Dep't*, No. CIV. 15-00098 SOM, 2015 WL 3754083, at *2 (D. Haw. June 16, 2015).

As noted above, Plaintiff contends Officer Burnett entered his apartment without a warrant, exigency, or emergency, and arrested him there at gunpoint. *See* FAC, ECF No. 4 at 2-3. Based on these allegations, the Court will order the U.S. Marshal to effect

service upon Defendant Burnett[3] on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## V. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Renewed Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 9).

2. **DIRECTS** the Secretary of the Watch Commander of GBDF, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C.

---

[3] Plaintiff also includes "Does 1-10" as additional parties in his FAC, but he has identified them only a "Police Officers." *See* FAC, ECF No. 4 at 2. However, he must identify these purported Defendants and substitute those individual persons in place of each unnamed Doe by amending his pleading to name each of them before the United States Marshal will be ordered and/or able to execute service upon any of them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most instances impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss Does 1-10 at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or his pleading should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

§ 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California, 92158.

4. **GRANTS** Plaintiff's Motion to Amend Defendants (ECF No. 11), **DISMISSES** Defendants San Diego Police Department and K-9 Officers 1-2 based on Plaintiff's failure to state a claim against them, and **DIRECTS** the Clerk to terminate these Defendants as parties to this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Amended Complaint (ECF No. 4) upon Defendant James Burnett and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant Burnett. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Amended Complaint, and the summons so that he may serve them upon Defendant Burnett. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where Defendant Burnett may be served*, *see* S.D. CAL. CIVLR 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6. **ORDERS** the U.S. Marshal to serve a copy of the Amended Complaint and summons upon Defendant Burnett as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

7. **ORDERS** Defendant Burnett, once served, to reply to Plaintiff's Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has

conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

    8.    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant Burnett, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant or his counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendant, may be disregarded.

**IT IS SO ORDERED**.

Dated: March 16, 2018

Hon. Dana M. Sabraw
United States District Judge

11

3:17-cv-00981-DMS-WVG