UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCO CARACCIOLI,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JAMES BURNETT, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-CV-981-DMS-WVG<br><br>**REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>**[ECF NOS. 32 AND 46]** |

## **I. <u>INTRODUCTION</u>**

Before the Court are two motions to dismiss. The first is filed on behalf of defendant James Burnett (the "Burnett Motion"). (Burnett Mot., ECF No. 32.) The second is on behalf of defendants Samuel Cote, Edwin Garrette, Justin Featherly, Jeffrey Swett, Jon Goebel, Jonathan Junker, Thomas McGrath, Rebecca Slade, John Horvath, and Joel Mendoza (the "Cote Motion"). (Cote. Mot., ECF No. 46.)

The Court has thoroughly reviewed the pleadings and for the reasons discussed below, the Court **RECOMMENDS** that both motions be **GRANTED IN PART AND DENIED IN PART**.

///

///

## II. BACKGROUND

### A. Relevant Procedural Background

Plaintiff Franco Caraccioli brings this action pursuant to 42 U.S.C. § 1983, alleging in his Second Amended Complaint ("SAC") that Defendants violated his Fourth Amendment rights when they arrested Plaintiff at gunpoint without a warrant. (*See* SAC generally.) On October 5, 2018, Defendant James Burnett filed a motion to dismiss. On November 7, 2018, Defendants Samuel Cote, Edwin Garrette, Justin Featherly, Jeffrey Swett, Jon Goebel, Jonathan Junker, Thomas McGrath, Rebecca Slade, John Horvath, and Joel Mendoza joined Burnett's motion.

On November 15, 2018, Plaintiff filed an opposition the Burnett Motion, (Opp'n to Burnett Mot., ECF No. 48,) and on December 24, 2018 Plaintiff filed an opposition to the Cote Motion, (Opp'n to Cote Mot., ECF No. 51). Burnett filed a reply on November 21, 2018. (Burnett Reply, ECF No. 49.) The remaining defendants filed a separate reply on January 9, 2019. (Cote Reply, ECF No. 52.)

### B. Relevant Factual Background

On the evening of May 29, 2016, Plaintiff was involved in a physical altercation with his roommate, girlfriend, and two acquaintances at his apartment in San Diego, California. (SAC at ¶ 8.) The individuals involved in the altercation, other than Plaintiff, left the apartment and contacted the police. (*Id.* at ¶ 9.) Plaintiff then went to sleep and awoke to police officers in his apartment, demanding he come out of his room. (*Id.* at ¶¶ 8, 10, 11.) Plaintiff opened the door to his room, saw the police officers were armed, and asked if they had a warrant. (*Id.* at ¶¶ 11, 12.) The police officers replied they did not and again ordered Plaintiff to come out of his room. (*Id.* at ¶¶ 12, 13, 14.) Plaintiff exited his room and the officers placed Plaintiff under arrest. (*Id.* at ¶¶ 14, 15.)

On March 3, 2017, Plaintiff pled guilty to: (1) one count of false imprisonment by menace (Cal. Penal Code §§ 236, 237(a)); (2) one count of battery of a current or former significant other (§ 243); (3) two counts of making a criminal threat (§ 422); (4) two counts of assault by means of force likely to produce great bodily injury (§ 245(a)(4)); (5) two

counts of attempting to dissuade a witness from reporting a crime (§ 136.1(b)(1)); (6) one count of battery (§ 242); (7) one count of false imprisonment (§ 236); (8) one count of vandalism (§ 594(a)(b)(2)(A)); (9) one count of resisting an officer (§ 148(a)(1)); (10) two counts of disobeying a court order (§ 166(a)(4)); and (11) two counts of animal cruelty (§ 597(a)). (ECF No. 32-5 at 2, 7.)[1] Plaintiff was sentenced to one year in jail and eight years of probation. Plaintiff's conviction was upheld on appeal.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits a party to raise a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss can only be granted "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8 "does not require 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

---

[1] Defendants request the Court take judicial notice of Plaintiff's guilty plea. (ECF No. 32-3). That request is **GRANTED**. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (When ruling on a Rule 12 motion to dismiss, "courts must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1991) (holding that a court may take judicial notice of another court's proceeding when it is directly related to matters currently before the court).

*Twombly*, 550 U.S. at 570). A court accepts the factual allegations as true "even if [the] allegations are] doubtful in fact." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Additionally, courts construe all allegations of material fact in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 2007).

Rule 15(a)(2) allows the trial court to grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Unless the complaint cannot be cured by allegations of additional facts, the Court should grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Further, leave to amend should be granted unless amendment of a complaint would be futile. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Where, as here, the plaintiff appears *pro se* in a civil rights suit, the Court must construe the pleadings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Further, the Court must afford the *pro se* "plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 107 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Moreover, "before dismissing a *pro se* civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." *Id.* (italics added); *see also Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

## IV. DISCUSSION

Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 arguing Defendants violated his Fourth Amendment rights when Defendants "arrested Plaintiff inside of his home without a warrant . . . and coerced Plaintiff's arrest at gunpoint." (SAC at ¶ 20.) Plaintiff also claims Defendants "threatened, intimidated, or coerced" him in violation of the Tom

Bane Civil Rights Act, codified in California Civil Code section 52.1 ("Bane Act"). (*Id.* at ¶ 24.)

Defendants move to dismiss Plaintiff's SAC because: (1) the SAC is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) Plaintiff's Bane Act claim is insufficient because it fails to properly plead threats, intimidation, or coercion independent from the constitutional violation; and (3) Plaintiff fails to specifically plead a cause of action against each defendant. (Burnett Mot. at 4-7; Cote Mot. at 5-8.)

**A. *Heck* Bar's Plaintiff's First Cause of Action**

### i. Argument

Defendants argue Plaintiff's § 1983 claim is barred by *Heck* because a favorable judgment on Plaintiff's claim would invalidate Plaintiff's previous criminal conviction. (Burnett Mot. at 5:27-28; Cote Mot. at 6:17-19.)

Plaintiff first argues *Heck* does not bar his claim because his convictions do not rest on evidence obtained through his arrest, relying on *Lockett v. Ericson*, 656 F.3d 892 (9th Cir. 2011). (Opp'n to Burnett Mot. at 8:23-25, 9:12-13; Opp'n to Cote Mot. at 9:27-28.) Second, Plaintiff argues the facts relevant to his conviction are "separate and apart" from his unlawful arrest, relying on *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2009).[2] (Pl.'s Opp'n to Burnett's Mot. at 11:6; Pl.'s Opp'n to Cote et al. Mot. at 13:11.)

### ii. Legal Standard

"Under *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), 'when a plaintiff who has been convicted of a crime under state law seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff

---

[2] Plaintiff also asserts a new claim in his opposition; that Defendants used excessive force during the arrest. (Opp'n to Burnett Mot. at 13; Opp'n to Cote Mot. at 16.) However, it is axiomatic that a complaint may not be amended by briefs filed in opposition to a motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Accordingly, excessive force will not be discussed.

would necessarily imply the invalidity of his conviction or sentence.'" *Reese v. County of Sacramento*, 888 F.3d 1030, 1045-46 (9th Cir. 2018) (quoting *Hooper v. County of San Diego*, 629 F.3d 1127, 1130 (9th Cir. 2011)). "If it would, the civil action is barred." *Id*.

### iii. Discussion

Here, Plaintiff pled guilty to, *inter alia*, willfully resisting an officer in violation of California Penal Code section 148(a)(1) ("Section 148"). (ECF No. 32-5 at 7.) Section 148 provides: "[e]very person who willfully resists, delays, or obstructs any public officer . . . in the discharge or attempt to discharge any duty of his or her office or employment . . . shall be punished" by a fine or imprisonment. Cal. Penal Code § 148. Thus, "[f]or a conviction under § 148(a)(1) to be valid, the [criminal] defendant must have resisted, delayed, or obstructed a police officer in the lawful exercise of his or her duties." *Hooper*, 629 F.3d at 1130. "The lawfulness of the officer's conduct is an essential element of the offense under § 148(a)(1)." *Id*.

Plaintiff pled guilty to willfully resisting, delaying, or obstructing the lawful conduct of an officer. Plaintiff now claims that very arrest was unlawful, in his First Cause of Action of the SAC. (SAC at ¶ 21.) If Plaintiff were successful in this action, it would necessarily imply the invalidity of his state court conviction and is thus barred by *Heck*. *Reese*, 888 F.3d at 1045-46.[3]

---

[3] In *Heck*, the Supreme Court provided the following example that is particularly noteworthy here:

> A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a *lawful* arrest. (This is a common definition of that offense. *See People v. Peacock*, 68 N.Y.2d 675, 505 N.Y.S.2d 594, 496 N.E.2d 683 (1986); 4 C. Torcia, Wharton's Criminal Law § 593, p. 307 (14th ed. 1981).) He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of

Plaintiff's reliance on *Lockett v. Ericson*, and to *Lockett's* progeny, is misplaced. In *Lockett*, the plaintiff was arrested for driving under the influence pursuant to California Vehicle Code § 23103.5(a). *Lockett*, 656 F.3d at 895. Prior to his arrest, law enforcement entered and searched the plaintiff's home. *Id*. at 894. The plaintiff later pled guilty in the state court criminal proceeding and subsequently filed suit pursuant to 42 U.S.C. § 1983 alleging that law enforcement engaged in an improper warrantless search. *Id*. at 895. Reversing the district court, the Ninth Circuit found the plaintiff's claims were not barred by *Heck* because his conviction was not based in any way on the allegedly improperly obtained evidence but rather his guilty plea for driving under the influence. *Id*. at 896-97.

Here, Plaintiff does not challenge improperly obtained evidence, or anything other than his arrest, for that matter. Thus, *Lockett* and its progeny are of no assistance to Plaintiff.

Plaintiff's reliance on *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2009) for the proposition that his convictions are "separate and apart" from the unlawful arrest is similarly unhelpful. In *Smith*, the plaintiff pled guilty to violating Section 148. *Smith*, 394 F.3d at 694. The plaintiff later filed suit in federal court pursuant to 42 U.S.C. § 1983, alleging the arresting officers used excessive force. *Id*. The Ninth Circuit ruled that the plaintiff's excessive force claims were not barred by *Heck* because such force could be asserted before or after the plaintiff violated Section 148 and thus did not necessarily imply the invalidity of the conviction. *Id*. at 695-99.

Here, Plaintiff did not allege excessive force in the SAC. Again, he challenges the actual arrest. Thus, *Smith* is inapplicable.

Since Plaintiff is seeking to challenge the very arrest for which he pled guilty, his claim is barred by *Heck*. Accordingly, the Court **RECOMMENDS** that

---

> which he has been convicted. Regardless of the state law concerning res judicata, [citation omitted], the § 1983 action will not lie.

*Heck*, 512 U.S. at 486 n.6 (emphasis in original).

**DEFENDANTS'** motions be **GRANTED** and Plaintiff's First Cause of Action in the SAC be **DISMISSED WITH PREJUDICE**.

### B. The Bane Act Claim

#### i. Argument

Defendants argue Plaintiff's Bane Act claim fails to sufficiently plead a cause of action because "Plaintiff failed to allege 'threats, intimidation or coercion' separate and independent from the alleged wrongful conduct constituting the constitutional rights violation," citing *Shoyoye v. County of Los Angeles*, 137 Cal.Rptr.3d 839 (Cal. Ct. App. 2012) and *Sandoval v. County of Sonoma*, No. 11-CV-05817-TEH, 2016 WL 612905 (N.D. Cal. 2016). (Burnett Mot. at 6; Cote Mot. at 7.)

Plaintiff argues he sufficiently pleaded a Bane Act claim because he alleged threats, intimidation, or coercion. (Opp'n to Burnett Mot. at 15:13-19; Opp'n to Cote Mot. at 19:22-20:2.)

#### ii. Legal Standard

"The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out by threats, intimidation or coercion." *Reese v. County of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (internal quotation omitted). "Section 52.1 provides a cause of action for violations of a plaintiff's state or federal civil rights committed by threats, intimidation, or coercion." *Id*. "Claims under section 52.1 may be brought against public officials who are alleged to interfere with protected rights, and qualified immunity is not available for those claims." *Id*. "[T]he Bane Act does not require the threat, intimidation or coercion element of the claim to be transactionally independent from the constitutional violation alleged." *Id*. at 1043 (internal quotation omitted).

#### iii. Discussion

Defendants' reliance on *Shoyoye* and *Sandoval* to demonstrate a pleading requirement of a threat, intimidation, or coercion independent of the constitutional violation fails. Since the decisions cited by Defendants, both California courts and the

Ninth Circuit have reexamined the issue, acknowledging that the "Bane Act's requirement that interference with rights must be accomplished by threats, intimidation or coercion has been the source of much debate and confusion." *Reese*, 888 F.3d at 1043 (internal quotation omitted). The Ninth Circuit has recognized "that *Shoyoye* was limited to cases involving mere negligence" and that "nothing in the text of the statute requires that the offending 'threat, intimidation or coercion' be 'independent' from the constitutional violation alleged." *Id*. (quoting *Cornell v. City and County of San Francisco*, 225 Cal.Rptr.3d 356, 383 (Cal. Ct. App. 2017)). Thus, since this case does not involve negligence, Plaintiff was not required to plead threats, intimidation, or coercion independent of the underlying constitutional violation as Defendants argue.

For this reason, the Court **RECOMMENDS** that Defendants' motions regarding Plaintiff's Second Cause of Action for Bane Act violations be **DENIED**.

### C. Failure to State a Claim Generally

#### i. Argument

Defendant Burnett claims Plaintiff failed to plead a cause of action against him because, although he is named in the caption, he was not listed as a Defendant in the SAC and no specific allegations were made against him. (Burnett Mot. at 8:10-12.)

Defendants Cote, Garrette, Featherly, Swett, Goebel, Junker, McGrath, Slade, Horvath, and Mendoza argue Plaintiff failed to state a claim under § 1983 against each Defendant because the SAC lacks "allegations pled specifically about each defendant." (Cote et al. Mot. at 8:6-7.) Plaintiff argues he sufficiently states a cause of action against each defendant because the SAC alleges each Defendant "personally participated in the unlawful arrest" and "each of them, were inside [his] apartment telling him to come out of his bedroom, while pointing their guns" at Plaintiff. (Opp'n to Cote Mot. at 22:9-13.)

#### ii. Legal Standard

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Ove v. Gwinn*, 264

F.3d 817, 824 (9th Cir. 2001) (internal quotations omitted) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "[T]o survive the motion to dismiss, [a plaintiff] is required to allege overt acts with some degree of particularity such that his claim is set forth clearly enough to give defendants fair notice of the type of claim being pursued." *Ortez v. Washington County*, 88 F.3d 804, 810 (9th Cir. 1996). A plaintiff "need only allege that the individual defendants deprived him of rights secured by the Constitution or federal statutes." *Id.* A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1993). A person could also deprive another of his or her constitutional right "by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 743-44; *see also Estate of Lopez v. Mills*, 105 F. Supp. 3d 1148, 1157 (S.D. Cal. 2015).

### i. Defendant Burnett

Plaintiff recognizes that he "only mentioned [Burnett] in the caption" and not elsewhere in the SAC. (Opp'n to Burnett Mot. at 17:12-14.) As a result, Plaintiff requests leave to amend the SAC "to clarify this inadvertent omission[.]" (*Id.* at 17:20-21.)

Given this, the Court **RECOMMENDS** Burnett's motion to dismiss be **GRANTED** and Defendant Burnett be **DISMISSED WITHOUT PREJUDICE**.

### ii. The Remaining Defendants

Plaintiff alleges that each Defendant, other than Burnett, violated Plaintiff's civil rights while acting under the color of law as law enforcement officers. (SAC ¶ 5.) Plaintiff then alleges that each Defendant was in Plaintiff's living room with weapons drawn on Plaintiff, coercing him out of his room. (*Id.* at ¶ 11.) Plaintiff goes on to allege that each Defendant failed to produce a warrant in the absence of exigent circumstances. (*Id.* at ¶ 13.) Plaintiff then alleges that each Defendant took part in the arrest of Plaintiff, all of which was in violation of Plaintiff's civil rights. (*Id.* at ¶¶ 20, 24.) Thus, taken as true, Plaintiff has sufficiently pleaded allegations of civil rights violations against the remaining

Defendants and has provided fair notice of the claim being pursued. *Ortez*, 88 F.3d at 810. Therefore, the Court **RECOMMENDS** motion to dismiss Defendants Cote, Garrette, Featherly, Swett, Goebel, Junker, McGrath, Slade, Horvath, and Mendoza for failure to state a claim generally be **DENIED**.

## V. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Defendants' motions be **GRANTED IN PART** and **DENIED IN PART**. This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). **IT IS ORDERED** that no later than **July 5, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objection to Report and Recommendation." **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 19, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: June 5, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge